UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE D. DANESHVAR,

        Plaintiff,                  Case No. 2:13-cv-13096
                                                Judge Stephen J. Murphy, III
v.                                          Magistrate Judge Anthony P. Patti

DARYL R. KIPKE and
NEURONEXUS
TECHNOLOGIES, INC.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING
DEFENDANTS' MOTION FOR SANCTIONS (DE 49)**

**I.    RECOMMENDATION**: The Court should grant in part Defendants' June 1, 2015 motion for sanctions (DE 49) for Plaintiff's failure to comply with the Court's May 6, 2015 order (DE 48).

**II.    REPORT:**

    **A.    Background**

In this lawsuit against Defendants Kipke and Neuronexus Technologies, Plaintiff Daneshvar alleges (I) fraud, (II) breach of fiduciary duty, (III) unjust enrichment and (IV) correction of inventorship. (DE 16.) Among other things, Plaintiff's allegations concern "navigation methods for deep brain stimulation," and inventions such as a "pivot probe." DE 16 ¶¶ 9, 10; *see also*, DE 16 ¶ 26.

Defendants' counterclaims include (I) declaratory judgment of non-inventorship and (II) defamation. (DE 17 at 10-17.)

Defendants filed a motion to compel on February 4, 2015. (DE 37.) This motion concerned Plaintiff's responses to Defendants' Interrogatory Nos. 1, 2, 3 and 9, served on November 25, 2013 (DE 37-2), regarding which Plaintiff served his response on January 7, 2014 (DE 37-3) and a first supplemental response on January 23, 2015 (DE 37-14, DE 50).

On May 6, 2015, this Court granted Defendants' motion, finding that "Daneshvar must specify what he invented, and point to corroborating evidence." (DE 48 at 2.) Since then, Plaintiff has served a May 20, 2015 second supplemental response (DE 49-2) and a May 27, 2015 third supplemental response (DE 49-4).

### B.     Instant Motion

Currently before the Court is Defendants' June 1, 2015 motion for sanctions (DE 49), which, in sum, challenges whether Plaintiff's second supplemental response (DE 49-2) and third supplemental response (DE 49-4) comply with the Court's May 6, 2015 order (DE 48). Defendants seek sanctions pursuant to Fed. R. Civ. P. 37(b) as follows:

(1)    a Court order directing that Plaintiff's Second and/or Third Supplemental Responses does not establish corroborating evidence of inventorship;

(2)    a Court order prohibiting Plaintiff introducing any further evidence of corroboration of inventorship into evidence;

2

    (3)    a Court order prohibiting Plaintiff from claiming inventorship of any invention other than that defined by Claim 1 of the '894 Patent;

    (4)    a Court order prohibiting Plaintiff from asserting any communications of his inventions other than those included in the documents referenced in the Responses;

    (5)    a Court order striking Plaintiff's cause of action for inventorship; and

    (6)    an award of Defendants' costs, including reasonable attorneys' fees, in bringing the motion to compel and the instant motion for sanctions.

(DE 49 at 22.)

Judge Murphy has referred this motion to me for hearing and determination. (DE 51, DE 78.)[1] Plaintiff has filed a response (DE 54; *see also,* DE 55), Defendants have filed a reply (DE 56). The parties have also filed a joint list of unresolved issues (DE 79.) and a supplement thereto (DE 87; *see also*, DE 87-1), as ordered by the Court. (DE 83.)

    **C.**    **Fed. R. Civ. P. 37**

"If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or

---

[1] Because Defendants seek sanctions by way of the instant motion, my discussion of the relevant issues is formatted as a report and recommendation. *See Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993) ("the magistrate judge in the instant case did not have the authority to rule upon post-dismissal motions for sanctions, fees and costs as requested by the district court.").

permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or
>
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) ("*For Not Obeying a Discovery Order.*").

The Sixth Circuit considers four factors in particular when assessing a district court's decision to dismiss a complaint: "(1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) 'whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery'; (3) 'whether the dismissed party was warned that failure to cooperate could lead to dismissal'; and (4) 'whether less drastic sanctions were imposed or

4

considered before dismissal was ordered.'" *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 -367 (6th Cir. 1997) (*Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153–55 (6th Cir. 1988)).

**D. Analysis**

The November 25, 2013 interrogatories at issue will be considered individually:

1. **Identify all *methods* described in Paragraph 9 of the Complaint**, including, for each, describing the circumstances Plaintiff and/or others conceived such an method, describing each Person's contribution to the conception of the methods, *Identifying corroborating evidence* of conception with the specificity required by Rule 33(d), and describing the circumstances under which each method has been reduced to practice or the progress to date in attempting to reduce such method to practice.

2. **Identify any *inventions* referred to in Paragraph 10 of the Complaint**, including, for each, Identifying all inventors, describing the circumstances Plaintiff and/or others conceived the invention, each inventor's contribution to the conception of the invention, *Identifying corroborating evidence* of conception with the specificity required by Rule 33(d), and describing the circumstances under which each invention has been reduced to practice or the progress to date in attempting to reduce such invention to practice.

3. **Identify the "*valuable patent rights*" and "*inventions*" referred to in Paragraph 26 of the Complaint**, including, for each, Identifying all inventors, describing the circumstances Plaintiff and/or others conceived the invention, each inventor's contribution to the conception of the invention, *Identifying corroborating evidence* of conception with the specificity required by Rule 33(d), and describing the circumstances under which each invention has been reduced to practice or the progress to date in attempting to reduce such invention to practice.

5

> 9. **Describe all *Communications*** in which Daneshvar disclosed to Professor Kipke or NeuroNexus any "methods," "inventions" or "valuable patent rights" identified in response to Interrogatory Nos. 1 through 3 above.

(DE 37-2 (emphasis added).)

The January 7, 2015 responses are broken down into separate responses; however, this Court considered the initial response to be "a non-specific narration." (DE 37-3, DE 48 at 1.) The January 23, 2015 first supplemental responses were broken down into separate answers and referred to Exhibit A, which is 57 pages in length. (*See* DE 37-14 at 4-6, 8-65). As to these responses, the Court stated:

> Daneshvar has turned over a thirty page lab notebook containing a variety of ideas and methods for deep brain stimulation. The notebook is not long, and Defendant Kipke presumably has the expertise to read and understand it. But the answers to Defendants' interrogatories cannot be gleaned by simply looking through the notebook. The notebook contains multiple ideas, and does not identify which of the ideas Daneshvar invented. Nor does it identify his co-inventors, or their particular contributions.

DE 48 at 2. Therefore, on May 6, 2015, this Court found that "Daneshvar must specify what he invented, and point to corroborating evidence. . . . the answers to Defendants' interrogatories cannot be gleaned by simply looking through the notebook. . . . Without a more specific answer, it is impossible to know precisely what Daneshvar claims he invented, or how the notebook corroborates that invention." DE 48 at 2.

6

Since the Court's order, Plaintiff has provided two supplemental responses, neither of which complies with Fed. R. Civ. P. 33(b)(3), which requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." The May 20, 2015 second supplemental response (DE 49-2) and the May 27, 2015 third supplemental response (DE 49-4) are each multi-page documents organized into sections titled, "Technology Area," "Background," and "Daneshvar's Invention and Disclosure to Kipke," seemingly as a "collective" response to Interrogatory Nos. 1, 2, 3 and 9. *See* DE 49-2 at 2, 14; DE 49-4 at 2, 14. In other words, the second and third supplemental answers do not provide delineated supplemental answers to Interrogatory Nos. 1, 2, 3 and 9.

This is not to say that the text of Plaintiff's second and third supplemental responses does not shed light on, in this Court's words, "precisely what Daneshvar claims he invented, or how the notebook corroborates that invention." (*See* DE 48 at 2). To be sure, the section titled "Daneshvar's Invention and Disclosure to Kipke" lists fourteen (14) alleged conceptions and disclosures to Kipke. (DE 49-4 at 9-14.) Also, consistent with the terminology used in the interrogatories at issue, the third supplemental response makes use of the words "methods" and "inventions." (*See* DE 49-4 at 7, 8, 11, 13, 14.) And, the differences between the second and third supplemental responses seem to be the addition of: (1) the

sentence "Daneshvar contends he solely conceived of the foregoing, and the foregoing is the methods and inventions referred to in Paragraphs 9, 10, and 26 of his Complaint[;]" (2) page numbers with respect to Exhibit A; and (3) Plaintiff's verification. (*Compare* 49-2 at 14, DE 49-4 at 14-15; DE 49-4 at 18.)

Furthermore, Plaintiff appears to rely upon his the specific page references listed in his third supplemental answer as corroboration. (DE 49-4 at 14-15, DE 54 at 16, 18.) For example, Plaintiff states that "Daneshvar has now provided a specific answer identifying his inventions, which shows how his lab notebook excerpts and other documents corroborates them." (DE 54 at 16.)[2] It is Plaintiff's position that:

> He provided a seventeen-page answer identifying by numbered paragraph each of his inventions. He identified the specific pages in the eight-page excerpt from his over 115-page lab notebook that corroborate his inventions. And he provided specific Bates ranges identifying other corroborating evidence and the communications in which he disclosed his inventions.

DE 54 at 18.

Still, Defendants contend that "the response provides no more detail about any purported communications, which was the subject of Interrogatory No. 9, than the First Supplemental Response, which the Court ordered Plaintiff to

---

[2] Citing *Brown v. Barbacid*, 276 F.3d 1327, 1335 (Fed. Cir. 2002), Plaintiff maintains that "[w]hether the excerpts from Daneshvar's lab notebook are sufficient to corroborate his testimony will be determined under a 'rule of reason' analysis, which involves questions of fact—not the opinion of Defendants' counsel." DE 54 at 16.

8

supplement." DE 49 at 12. Defendants also challenge the specificity of Plaintiff's alleged inventions and the corroborating evidence. (*See* DE 49 at 13-14, DE 49 at 15-17.) Nonetheless, even if the third supplemental response adequately identified the methods and inventions referred to in Interrogatory Nos. 1-3, and even if the Court assumes that the "valuable patent rights" referred to in Interrogatory No. 3 are explained by the reference to "U.S. Patent No. 8,565,894," (*see* DE 49-4 at 14), and even if the Bates number citations sufficiently describe the communications, it remains that Plaintiff's second and third supplemental answers do not comply with Fed. R. Civ. P. 33(b)(3). This is so, even if the first page of Plaintiff's third supplemental responses states, "Plaintiff Eugene D. Daneshvar hereby serves the following Third Supplemental Objections and Responses to Defendants' Interrogatory Nos. 1, 2, 3, and 9." (*See* DE 54 at 13, DE 54 at 13 n.31, DE 49-4 at 2.) When served with interrogatories pursuant to Rule 33, "[t]he responding party must answer each interrogatory separately, fully, and in writing." 7 Moore's Federal Practice, § 33.101 (Matthew Bender 3d Ed.). Rule 33 is designed to ensure that answers clearly correspond to specific questions. Defendants have a right to expect clear and straightforward answers in response to clear, individual and straightforward questions, particularly after answers have previously been compelled by court order. They should not have to go hunting for the information requested.

Having reviewed the content of the May 27, 2015 third supplemental response, the Court should conclude that Plaintiff has not complied with the Court's May 6, 2015 order (DE 48). If the Court agrees, then it must turn its attention to the issue of which, if any, of Defendants' proposed sanctions are warranted under Fed. R. Civ. P. 37(b). The parties are, naturally, at odds in this regard. (*See* DE 49 at 17-22, DE 54 at 18-20 and DE 56 at 9-10.)

Here, the Court should grant in part Defendants' June 1, 2015 motion for sanctions (DE 49) for Plaintiff's failure to comply with the Court's May 6, 2015 order (DE 48). In lieu of the relief expressly sought in Defendants' motion, the Court should begin by entering an order which (A) permits Plaintiff two (2) weeks to further supplement by separately answering Interrogatory Nos. 1, 2, 3 and 9 pursuant to Fed. R. Civ. P. 33(b)(3); (B) awards reasonable attorney's fees to Defendants associated with the prosecution of the instant motion for sanctions (DE 49), to be determined upon presentation of a supporting affidavit from counsel; and (C) permits Defendants to re-depose Plaintiff within two (2) weeks of receiving the supplemental responses, with the deposition to be limited to the scope of the interrogatories in question.

Moreover, should the Court elect to enter such an order, I further recommend that any failure by Plaintiff to comply with such directives result in further sanctions. Namely, if Plaintiff fails to comply with such an order, in other

words, if Plaintiff fails to cure the deficiencies, the Court should further fine him $5,000 and stay the case pending full compliance. For purposes of making such an evaluation, Plaintiff should be directed to certify compliance to the Court within three (3) weeks of the Court's order on the instant motion, and Defendants should have until one (1) week thereafter to alert the Court in writing if they believe that compliance is still lacking, and, if so, how.

### III.   PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 14, 2015       s/Anthony P. Patti
                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 14, 2015, electronically and/or by U.S. Mail.

                              s/Michael Williams
                              Case Manager to the
                              Honorable Anthony P. Patti