UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE D. DANESHVAR,

       Plaintiff,

v.

DARYL R. KIPKE and
NEURONEXUS
TECHNOLOGIES, INC.,

       Defendants.
_____/

Case No. 2:13-cv-13096
Judge Stephen J. Murphy, III
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S JUNE 12, 2015 MOTION TO COMPEL (DE 52)**

Currently before the Court is Plaintiff's June 12, 2015 motion to compel. (DEs 52, 53.) Defendants filed a response. (DE 57.) Plaintiff sought and was granted an extension of time within which to file a reply, and he timely did so. (DEs 60, 61, 62.) Judge Murphy then referred this motion to me for hearing and determination. (DE 63.)

A telephonic status conference was held on October 1, 2015. (DE 75.) The parties filed their joint list of unresolved issues on September 29, 2015. (DE 79.) Following the October 1, 2015 telephonic status conference with counsel for the parties, I entered a briefing schedule and notice of hearing. (DE 83.) On October 13, 2015, the parties filed a supplemental joint list of unresolved issues, which

indicated that there remained five (5) issues in need of the Court's intervention. (*See* DE 87, DE 87-1 at 5-13.)

On the date set for hearing, attorney Casey Lee Griffith (TX) appeared on Plaintiff's behalf, and attorney James R. Muldoon (NY) appeared on behalf of Defendants. Consistent with my findings and reasoning stated on the record, which are hereby incorporated by this referee as though stated herein, Plaintiff's June 12, 2015 motion to compel (DE 52), as narrowed by the October 13, 2015 list of unresolved issues (DE 87-1), is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. **Interrogatory No. 5 to Kipke regarding his compensation:** Defendant Kipke shall supplement his answer with **(a)** specification of the dollar amount of all compensation and the value of all benefits[1] received in connection with Greatbatch's acquisition of NeuroNexus and **(b)** the amount of the repayment of a loan Kipke made to NeuroNexus.

2. **RFP and Interrogatory No. 6 to NeuroNexus regarding compensation and benefits that NeuroNexus derived from Medtronic's acquisition of Sapiens:** Defendant NeuroNexus shall supplement its answer with the dollar amount of the wire transfer received from Medtronic's purchase of an equity interest in NeuroNexus.

3. **Interrogatory No. 1 to Kipke regarding the date on which he first became aware of the "defendingmythesis" website:**

---

[1] Benefit means "[p]rofit or gain; esp., the consideration that moves to the promisee<a benefit received from the sale>." Black's Law Dictionary (10th ed. 2014). As noted during the hearing, this amount should include anything of value received or gained.

2

       Defendant Kipke need not supplement his answer at this time, as he has provided a valid answer.

4. **Interrogatory No. 5 to NeuroNexus, Interrogatory No. 2 to NeuroNexus and Interrogatory No. 6 to Kipke regarding first knowledge of prior art cited in their discovery responses:** Defendants NeuroNexus and Kipke need not supplement their answers at this time.

5. **RFP Nos. 1-2 to NeuroNexus and Kipke regarding communications with Greatbatch, Medtronic, Sapiens or Phillips concerning the '894 or '673 patent:** Defendants NeuroNexus and Kipke shall supplement their responses to reflect their representation that they have "already produced <u>all non-privileged</u> communications concerning the '894 or '673 patent that are in their possession, custody, or control, <u>that could be located in a reasonable search</u> . . . ." (See DE 87-1 at 12-13.) Also, Defendants shall produce a privilege log for those documents withheld on the basis of privilege in response to RFP Nos. 1-2.

Of course, Defendants remain under a duty to supplement as set forth in Fed. R. Civ. P. 26(e) ("Supplementing Disclosures and Responses"). Any further answer or response required above SHALL be served upon Plaintiff within fourteen (14) days of the date of this order.

    Moreover, I note that the Court could have denied Plaintiff's motion outright on the basis of his failure to comply with E.D. Mich. LR 7.1(a) ("Seeking Concurrence in Motions and Requests."); however, I decline to do so here. Still, the parties are cautioned that any further motions that fail to certify compliance with this Court's meet and confer requirement will be denied without further consideration. Finally, I decline to award either party a payment of expenses, in

light of the failure to comply with E.D. Mich. LR 7.1 and because some supplementation has been required.  *See* Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**

Dated: October 16, 2015          s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 16, 2015, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony Patti