UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE D. DANESHVAR,

       Plaintiff,                      Case No. 2:13-cv-13096
                                              Judge Stephen J. Murphy, III
v.                                        Magistrate Judge Anthony P. Patti

DARYL R. KIPKE and
NEURONEXUS
TECHNOLOGIES, INC.,

       Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE EXPERT TESTIMONY OF EUGENE D. DANESHVAR (DE 81)

Currently before the Court is Defendants' September 30, 2015 motion to strike the expert testimony of Eugene D. Daneshvar. (DE 81; *see also* DE 82.) Plaintiff has filed a response, and Defendants have filed a reply. (DEs 90, 95.)[1]

Judge Murphy has referred this motion to me for hearing and determination. (DE 93.) A hearing was noticed for November 24, 2015 and held on that date. (DE 102.) For reasons stated on the record, which are hereby incorporated by this reference as though re-stated herein, Defendants' motion to strike (DE 81) is **GRANTED IN PART** and **DENIED IN PART** as follows:

---

[1] The Court sought and received a supplemental statement of compliance with E.D. Mich. LR 7.1(a). (*See* DEs 97, 98.)

1. **Daneshvar is not be precluded from testifying as an expert pursuant to Fed. R. Evid. 403, as**:

    a. the Court is not convinced that Daneshvar's dual role as *a party to the litigation and as an expert witness* is unduly prejudicial and will confuse the jury;

    b. the Court is not convinced that Daneshvar's dual role as *a fact witness and expert witness* is unduly prejudicial and will confuse the jury, and any such concerns can be addressed with an appropriate jury instruction;

    c. any potential bias by Daneshvar goes to the weight of his testimony, not its admissibility;

    d. Defendant's concerns regarding the possibility that Plaintiff will make improper emotional appeals or engage in inappropriate drama before the trier of fact may be dealt with by other means, such as trial objections, motions to strike, motions *in limine*, etc.; and

    e. an inventor "is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims. The testimony of the inventor may also provide background information, including explanation of the problems that existed at the time the invention was made and the inventor's solution to these problems." *Voice Techs. Grp., Inc. v. VMC Sys., Inc.*, 164 F.3d 605, 615 (Fed. Cir. 1999).

2. **Daneshvar is not precluded from testifying as an expert pursuant to Fed. R. Evid. 702, in accordance with the following parameters and limitations, subject to laying a proper foundation at trial, and consistent with the case law cited herein**:

    a. Daneshvar may testify as a "technical expert" in order to "help the trier of fact to understand the evidence [or the

    technology] or to determine a fact in issue . . ." under Fed. R. Evid. 702;

**b.** Consistent with the Court's questioning of Plaintiff's counsel and his responses thereto, Daneshvar may testify as to the "subject matter of the claims at issue," but may not testify as to what "he considers [to be] his inventions"– since, standing alone, these are not relevant – unless they are "within the claims" of the '894 patent (DE 95 at 3);[2]

**c.** Consistent with the statement made in his brief that he "obviously cannot, and will not, explicitly testify at trial as to the ultimate legal conclusion of inventorship—*i.e.*, whether the legal standard for inventorship has been satisfied— given [that] the jury will decide that issue[,]" (DE 90 at 17-18, Pg ID 4914-4915), *Daneshvar may not testify* at trial as to the ultimate legal conclusion of inventorship, and may not offer the opinion, as stated in his Designation of Expert Witness, Part C, that "he is an inventor of the '894 patent." (DE 81-4 at 3, Pg ID 4594);

**d.** As to the expectation that Daneshvar will testify that certain claims of the '894 patent comprise subject matter invented by him (DE 81-4(C)(3)), he may not provide such testimony as to Claim 12, because it is not listed in Daneshvar's response to Interrogatory No. 11 (DE 81-5);

**e.** Based upon the record presented to the Court in support of this motion, Defendants' assertions that Plaintiff should be precluded from testifying that his inventive or innovative work pre-dated that of the defendants, and their further argument that Plaintiff's testimony as to what he invented is not adequately corroborated by

---

[2] *See, Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998). In this regard, the Court notes that "the critical question for joint conception is who conceived, as that term is used in the patent law, the subject matter of the claims at issue." *Id.*

3

admissible evidence, have not convinced the Court that Daneshvar should be precluded from testifying as an expert; however, these arguments, if properly supported, may be addressed in dispositive motion practice and/or may go to the weight of the evidence or be pursued by way of impeachment at trial.

**IT IS SO ORDERED.**

Dated: November 25, 2015           s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 25, 2015, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti