UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE DANESHVAR,

        Plaintiff,                   Case No. 2:13-cv-13096

v.                                HONORABLE STEPHEN J. MURPHY, III

DARYL KIPKE and NEURONEXUS
TECHNOLOGIES, INC.,

        Defendants.

_____/

**OPINION AND ORDER RESOLVING MOTIONS**
**[117, 119, 124, 127, 142, 151, 158] AND REQUIRING ADDITIONAL BRIEFING**

      Seven motions are pending in the case, in addition to Defendants' motion for

summary judgment:

1. Defendants' motion for sanctions (ECF 117);
2. A related motion by Plaintiff seeking leave to file excess pages (ECF 127);
3. Another motion by Defendants seeking sanctions (ECF 158);
4. Defendant's motion to strike portions of Plaintiff's declaration (ECF 142);
5. Plaintiff's motion to compel production of documents from a third party (ECF 151);
6. An unopposed motion to withdraw as counsel for Plaintiff (ECF 124); and
7. An opposed motion to withdraw as counsel for Plaintiff (ECF 119).

The Court will resolve the non-dispositive motions. As explained below, more briefing is

necessary for the Court to resolve the motion for summary judgment. Accordingly, the

Court will order additional briefing in that regard.

I.    Defendants' Motion for Sanctions (ECF 117) and Plaintiff's Motion for Leave to File
    Excess Pages (ECF 127)

      Defendants previously filed a motion to compel Plaintiff "to provide adequate

responses to Defendants' First Requests for Admissions, and for additional time to depose

Plaintiff or Plaintiff's expert witnesses." Mot. 1, ECF 77. The Court referred the motion to

a magistrate judge, who resolved the motion and ordered Plaintiff to submit to another

deposition, to answer questions "frankly and thoroughly," and to reimburse Defendants $2,765. Order 2, ECF 92. Defendants argue that the reimbursement was not paid and that Plaintiff's answers in the deposition were again evasive. They seek sanctions, payment, and dismissal. Plaintiff filed a response brief that exceeded the Court's 25-page limit, then amended it twice. ECF 125, 129, 130. Plaintiff concurrently moved for leave to exceed the page limit. ECF 127. In sum, Plaintiff argues that he paid the reimbursement once he was financially able, his answers were not evasive but rather an attempt to be clear in speaking about technical matters, and that dismissal would be improper.

At the outset, the Court sees little need for the additional pages sought by Plaintiff. The brief is not concise and is attended by 18 exhibits running hundreds of pages. But because no shorter brief was provided, and the Court finds no prejudice to Defendants in allowing the additional pages, the Court will grant the motion for leave only in the interests of time and economy — and not on its merit.

But the Court must also consider the merits of the underlying motion. Civil Rule 37(b) permits the Court to issue sanctions against a party for failure to comply with an order relating to discovery. The Court determines whether and how to impose sanctions in its discretion; the Sixth Circuit has outlined four factors which guide that discretion:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault;
>
> (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997).

Plaintiff has paid the $2,765 ordered by the Court, ECF 126-3, so only Plaintiff's allegedly evasive answers remain unresolved. Upon review of the transcript, the Court finds merit in Defendants' argument that Plaintiff was evasive in answering questions. The Court further finds little substance in Plaintiff's counter argument that Defendants' counsel violated the district's principles of civility. But the Court is reticent to impose the harsh sanction of dismissal based only upon the parties' characterizations of the deposition and the transcript. The Court will deny the motion for sanctions at the present time.

## II.   Defendant's Other Motion for Sanctions (ECF 158)

The Court previously awarded Defendants $12,373.25 in fees, pursuant to the recommendation of the magistrate judge. Order, ECF 154. The Order did not contain an explicit deadline for payment. Five weeks passed, and Plaintiff did not pay, so Defendants filed another motion for sanctions, seeking to compel Plaintiff's payment and either a dismissal or a warning of dismissal. Mot., ECF 158. At the same time the motion was filed, Plaintiff mailed partial payment of the fees to Defendants, and has subsequently paid the fees in full. *See* Resp. 2–3, ECF 159; Not., ECF 165; Not., ECF 167.

The full payment of the fees has largely rendered the motion moot — but not entirely. Defendants also seek a clear warning of dismissal, and the Court will grant this part of the motion. Plaintiff has, time and again, failed to comply with the Federal Rules of Civil Procedure and the Court's orders, or has complied only after the Court has prodded him. Plaintiff is warned: any future failure to timely comply with Court orders and deadlines will result in dismissal. Any tactics of evasiveness or delay will result in dismissal. And the

3

Court will not hesitate to award Defendants any fees or costs resulting from evasive or dilatory behavior.

III.    Defendants' Motion to Strike (ECF 142)

Defendants move for the Court to strike portions of Plaintiff's Declaration made in opposition to the motion for summary judgment on grounds of relevancy and propriety under the Federal Rules of Civil Procedure.

"An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Statements made on belief or 'on information and belief,' cannot be utilized on a summary-judgment motion." *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) (quoting 10B Wright, Miller & Kane, Federal Practice and Procedure § 2738, at 345 (3d ed.1998)). The Court is therefore tasked with preserving and admitting the parts of an affidavit "based solely upon personal knowledge," and striking portions based only upon belief. *Id.*

The Court will strike the portions listed in the table below.

| Portion | Disposition and Reasoning |
|---|---|
| ¶ 9 | Stricken as conclusory |
| ¶ 12, sentences 1, 4–5 | Stricken as lacking foundation (1), speculation and based only upon belief (4–5), and conclusory (5) |
| ¶ 14, sentences 4–5 | Stricken as speculation |
| ¶ 15, sentence 3 | Stricken as speculation |
| ¶ 16, sentence 3 | Stricken as speculation |
| ¶ 17 | Stricken as speculation |

4

| ¶ 18 | Stricken as conclusory |
| ¶ 31 | Stricken as conclusory |
| ¶ 35 | Stricken as conclusory |
| ¶ 40 | Stricken as conclusory and inadmissible argument |
| ¶ 44 | Stricken as inadmissible legal argument |
| ¶ 47, sentence 3 | Stricken as conclusory and inadmissible legal argument |
| ¶ 59, sentence 5 | Stricken as conclusory |
| ¶ 67 | Stricken as conclusory |
| ¶ 68 | Stricken as inadmissible legal argument |
| ¶ 71 | Stricken as conclusory |
| ¶ 69, sentence 1 | Stricken as speculation |
| ¶ 79, sentences 3, 5 | Stricken as conclusory |
| ¶ 80, sentences 1 | Stricken as conclusory |
| ¶ 81, sentence 2 | Stricken as conclusory |
| ¶ 82 | Stricken as conclusory |
| ¶ 85, sentences 1,3–5 | Stricken as lacking foundation |
| ¶ 86 | Stricken as speculation |
| ¶ 88 | Stricken as conclusory |
| ¶ 91, sentence 1 | Stricken as Plaintiff lacks knowledge of Rasor's thoughts |
| ¶ 99, sentences 2–4 | Stricken as speculation |
| ¶102, sentence 4 | Stricken as speculation |
| ¶ 105, sentence 5 | Stricken as conclusory |

IV.   <u>Plaintiff's Motion to Compel (ECF 151)</u>

Plaintiff moves to compel a third party — the University of Michigan — to produce documents relating to Patent Application No. 12/253,803, U.S. Patent No. 8,565,894, or "any investigation concerning any allegation or claim of inventorship or contribution made

5

by Plaintiff." Mot. 4, ECF 151. The University responds that Plaintiff waited too long to bring the motion and that the materials are both privileged and irrelevant to Defendants' motion for summary judgment.

Plaintiff initially sought these documents through a subpoena, which commanded the University to produce the documents by February 27, 2015. ECF 151-3. The University objected to the subpoena on March 1, 2015[1] and omitted those documents from the 11,000 pages it produced for Plaintiff. Resp. 9, ECF 155. Discovery closed later that year, on June 12, 2015, and a month later, Defendants filed a motion for summary judgment. The exhibits to the motion included affidavits from two University employees: Kenneth Nisbet and Robin Rasor. ECF 64-2, 64-7. The Court denied the motion for summary judgment without prejudice, permitting Defendants to refile if court-ordered mediation failed. Defendants did refile the motion on April 29, 2016, and again included the same Nisbet and Rasor declarations. ECF 134-2, 134-7. The renewed motion is currently pending.

Nisbet and Rasor both work for the University's Office of Technology Transfer — a branch of the University that is concerned with intellectual property developed there. Both Nisbet and Rasor mentioned in their declarations that the University previously investigated whether Plaintiff was a co-inventor of the claims in the '803 patent application. Their declarations also mention the conclusions arrived at by the University's retained counsel, Harness Dickey. Rasor declared that "[o]utside patent counsel for the University determined that [Plaintiff] was not an inventor of any claims of the 12/253,803 patent application under U.S. patent law." Decl. ¶ 26, ECF 134-7. In support, she included an

---

[1] According to the University, the assigned attorney had been sick with pneumonia, which caused the two-day delay in response.

email she sent to Plaintiff's counsel in 2011 briefly summarizing Harness Dickey's conclusion. *Id.*; Email, ECF 134-15. Nisbet made a similar declaration. *See* Decl. ¶ 27, ECF 134-2.

The declarations are referenced in Defendants' motion for summary judgment. *See, e.g.*, Mot. Summ. J. 5, ECF 134. Plaintiff argues that because Defendants used the declarations to make their summary-judgment arguments, the University should be compelled to produce the documents it withheld. Mot. 5–6, ECF 151. Plaintiff raises three arguments in support:

> (1) The University waived its attorney-client privilege when Nisbet and Rasor discussed the patent counsel's inventorship opinion;
>
> (2) The University waived its attorney-client privilege by failing to timely respond to the subpoena; and
>
> (3) There is no prejudice to the University by compelling the disclosure.

"As a general rule, the attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties." *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294 (6th Cir. 2002). A client may also "waive the privilege by conduct which implies a waiver of the privilege or a consent to disclosure." *Id.* And although litigants cannot use a privilege as both a shield and a sword — hiding behind the privilege while relying upon privileged communications to make their case — as long as "the sword stays sheathed, the privilege stands." *In re Lott*, 424 F.3d 446, 454 (6th Cir. 2005).

Plaintiff argues that the declarations about Harness Dickey's inventorship opinion waived the University's privilege and points the Court to a case out of the Northern District of California, *Electro Scientific Industries, Inc. v. General Scanning, Inc.*, 175 F.R.D. 539

(N.D. Cal. 1997). There, an attorney for the defendant corporation expressed an opinion in confidence why a particular patent was not enforceable. The defendant then published this conclusion in a news release and the court determined that the news release waived the privilege otherwise attached to the attorney's communication. The court reasoned that because the news release disclosed "the most important part" of the lawyer's opinion — his conclusion as to which legal theory the defense should focus on in the patent dispute — the privilege was waived. *Electro Sci. Indus., Inc.*, 175 F.R.D. at 543. The court concluded "a sophisticated party who intentionally discloses the most significant part of an otherwise privileged communication, in an act calculated to advance that party's commercial interests, cannot establish, as the law would require, that the party reasonably believed that it would be able to preserve the confidentiality of the other parts of that communication." *Id.*

The reasoning of *Electro Scientific* is compelling, but its facts are not analogous here. The University is not a party to the case. Nisbet and Rasor are not Regents and do not appear otherwise authorized to represent the University. Although Plaintiff claims "the University conspired with Defendants to emphasize its outside counsel's conclusion to harm Plaintiff, and it did so in this litigation to benefit itself and Defendants," Mot. 8, ECF 151, the Court has not been presented with evidence that suggests the limited disclosures of the declarations were made for the advancement or advantage of the University. The University's communications with its legal counsel are privileged and the limited references made by Nisbet and Rasor did not waive the privilege.

Plaintiff also argues that the University's untimely objection to the subpoena waived its privilege. Under Rule 45, a party who objects to the commands of a subpoena must

8

serve his objection, in writing, "before the earlier of the time specified for compliance or 14 days after the subpoena is served," Fed. R. Civ. P. 45(d)(2)(B). Failure to timely serve objections "typically constitutes a waiver of such objections," *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999), but courts in this district and others have found an exception to that rule when "'the subpoenaed witness is a non-party acting in good faith,'" *Arndt v. Ford Motor Co.*, No. 2:15-CV-11108, 2016 WL 1161444, at *2 (E.D. Mich. Mar. 24, 2016) (quoting *Am. Elec. Power Co.,* 191 F.R.D. at 136–37). The Court has reviewed the record and finds that the University acted in good faith and its two-day delay in serving its objection did not constitute a waiver of its privilege. The Court will deny the motion to compel.

V.   The Need for Additional Briefing

Defendants' motion for summary judgment is currently pending. In his response, Plaintiff raises the need for claim construction, argues that "it is obviously necessary here," and mentions a few examples of terms requiring construction: "guiding element," "rigid," and "shape memory material." Resp. 13, ECF 140. In reply, Defendants argue that the terms mentioned by Plaintiff are not "highly technical" and each "can be construed according to its plain and ordinary meaning." Reply 8–9, ECF 144. Defendants also urge the Court to construct the terms in resolving the motion for summary judgment.

Defendants seek summary judgment on, among other things, Plaintiff's inventorship claim. The first step in resolving an inventorship claim is to construct any patent claim in dispute to determine the subject matter encompassed by the claim. *See Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1302 (Fed. Cir. 2002). Claim construction is a question of law for the Court to decide, *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977

(Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996), and the Court may construct claims, "on the paper record, if possible," *Moll v. N. Telecom, Inc.*, No. CIV. A. 94-5451, 1995 WL 733389, at *3 (E.D. Pa. Dec. 11, 1995), *aff'd.*, 119 F.3d 17, 1997 WL 394241 (Fed. Cir. 1997) (table).

The case is not wanting for a paper record, but the Court requires greater clarity to resolve Defendants' motion. Although Plaintiff mentions some terms in the response brief, the Court understands them to be non-exhaustive examples. And because the issue was not raised until Plaintiff's response, there is little briefing, from either side, on claims requiring construction. Accordingly, the Court will order additional briefing on the matter.

The parties will be ordered to confer and file a joint statement concerning the disputed claim terms of the patent in dispute: U.S. Patent No. 8,565,894. The joint statement shall include a table listing each disputed claim term on a separate line. Each line shall be divided into three columns, with the first column listing the disputed term, the second listing Plaintiff's proposed construction of the term, and the third listing Defendants' proposed construction. As an example:

| Term 1 | Plaintiff's construction of Term 1 | Defendants' construction of Term 1 |
| Term 2 | Plaintiff's construction of Term 2 | Defendants' construction of Term 2 |

VI.   Motions to Withdraw (ECF 119, 124)

Almost all of Plaintiff's attorneys have moved to withdraw. Casey Griffith, of GBCH, first moved to withdraw on several grounds. ECF 119. Shortly before the motion was filed, Steven Susser and Timothy Murphy had entered appearances on behalf of Plaintiff, ECF 114, 115, so Griffith's motion also sought a 45-day stay to bring the new attorneys up-to-speed, Mot. 5, ECF 119. But less than a month later, Murphy and Susser also moved to

withdraw on the grounds of a potential conflict of interest. Mot., ECF 124. And according to Plaintiff, local counsel James Pelland will also move to withdraw if Murphy, Susser, and Griffith are all permitted to withdraw. Decl. 3, ECF 164.

Local Rule 83.25 allows an attorney to withdraw by order of the Court. Attorneys practicing in the Eastern District of Michigan are subject to the Michigan Rules of Professional Conduct, L.R. 83.20(j), so the Court looks to those rules in considering a motion to withdraw. Rule 1.7 of the Michigan Code of Professional Conduct Rule forbids an attorney from representing a client "if the representation of that client will be directly adverse to another client, unless: (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation." Rule 1.16 lays forth the requirements for terminating representation of a client: subsection (a) requires an attorney to withdraw if "the representation will result in violation of the Rules of Professional Conduct or other law" and subsection (b) permits a lawyer to withdraw if "withdrawal can be accomplished without material adverse effect on the interests of the client" or if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." But an attorney must continue to represent a client, notwithstanding good cause under subsection (b), if ordered to do so by a tribunal. Mich. R. Prof'l Conduct 1.16(c).

Susser and Murphy filed appearances on March 23, 2016. They filed their motion to withdraw less than a month later. Through their motion, they demonstrate a belief that representation of Plaintiff is directly adverse to the interests of another client. In light of their brief window of involvement, and Plaintiff's continued representation by other counsel, the

11

Court finds that Susser's and Murphy's withdrawal is both consistent with their obligations under the Michigan Rules of Professional Conduct and can be accomplished without material adverse effect on Plaintiff's interests. The Court will grant their motion to withdraw.

Griffith's motion is another matter. Although he too claims (albeit very briefly) that there is a potential conflict of interest between his firm and Plaintiff, Griffith also moves to withdraw on the grounds that Plaintiff has failed to pay him and his firm despite an agreement to do so. Mot., ECF 119. Additionally, Griffith claims he and his firm are "no longer able to effectively communicate with Plaintiff in a manner consistent with an effective attorney-client relationship." *Id.* at 4. Although Griffith filed his motion before Murphy and Susser filed theirs, Griffith and GBCH attorneys have represented Plaintiff in the matter since December of 2014, filed and argued numerous motions on his behalf, and been involved with the depositions which, even now, remain contentious. In short, Griffith and GBCH have been and remain Plaintiff's principal lawyers in the case.

If GBCH were permitted to withdraw, local counsel Pelland would still remain. But as noted, his own motion to withdraw would likely follow. After all, a similar turn of events happened before in the case. Pelland and his firm, Fausone Bohne, previously withdrew when *another* law firm pulled out of representing Plaintiff due to a breakdown of the attorney-client relationship. *See* Orders, ECF 22, 26. In his motion, Pelland had explained that Fausone Bohn lacked the "experience and knowledge to proceed with the underlying claims[.]" Mot. 2, ECF 24. He only returned to the case when Griffith and GBCH concurrently appeared as co-counsel and presumably provided the necessary expertise.

As described above, the Court will require additional briefing to resolve the summary judgment motion. Griffith submitted the response that raised the claim construction issue.

The Court will require him to complete the task of briefing the motion. He may then refile a motion to withdraw if he chooses. Unless and until his withdrawal is permitted, no stay is necessary. Accordingly, the motion to withdraw and for a stay will be denied without prejudice.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for leave to file excess pages [127] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motions for sanctions [117] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motions for sanctions [158] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' motion to strike [142] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel [151] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to withdraw [124] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to withdraw and for a stay [119] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall **CONFER** and **FILE** a joint claim-construction statement no later than **21 days** from the date of this Order.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
Dated: March 24, 2017          United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 24, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager